UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RAYMOND BRADBURY<br>HEATHER BRADBURY,<br><br>    Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION,<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY AS TRUSTEE FOR GSAMP TRUST<br>2005-WMC1,<br><br>    Defendants. | CIVIL ACTION NO. 22-cv-116 |

## NOTICE OF REMOVAL

To:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and Local Rule 81, Defendant PHH Mortgage Corporation ("PHH") files this Notice of Removal from the Kent County Superior Court to the United States District Court for the District of Rhode Island. As grounds for removal, PHH states the following:

### I. PROCEDURAL BACKGROUND AND NATURE OF ACTION

1. On March 19, 2022, Plaintiffs, Raymond Bradbury and Heather Bradbury ("Plaintiffs") filed an Amended Complaint in the Ken County Superior Court against the Defendants under C.A. KC-2022-0130. A copy of the Amended Complaint is attached as *Exhibit A*.

2. In Count I of the Amended Complaint, Plaintiffs challenge Defendants' notice of foreclosure of real property located at 61 Lafayette Street, West Warwick, RI (the "Property"), and bring a claim for breach of the covenant of good faith and fair dealing. (*See* Pls.' Amend.

Compl, Ex. A ¶¶ 1-59). Plaintiffs allege that Defendants breached the mortgage contract and failed to comply with the conditions precedent to exercising statutory power of sale. (*See id.*).

3. In Count II of the Amend Complaint, Plaintiffs bring a claim for violation of the Rhode Island Fair Debt Collection Practices Act ("RIFDCPA"). (*See* Pls.' Amend. Compl., Ex. A ¶¶ 60-86).

## II. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

4. The United States Court for the District of Rhode Island has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332.

5. First, there is complete diversity of citizenship under 28 U.S.C. § 1332(a).

6. Plaintiffs are citizens of Rhode Island. (*See* Pls.' Amend. Compl., Ex. A ¶ 1).

7. Defendant PHH is a corporation organized under the laws of the state of Delaware, with its principal place of business in Delaware. (*See* Pls.' Amend. Compl., Ex. A ¶ 12). Therefore, under 28 U.S.C. § 1332 (c)(1), PHH is a citizen of Delaware for purposes of diversity jurisdiction.

8. Defendant Deutsche Bank National Trust Company as Trustee for GSAMP Trust 2005-WMC1 ("DBNTC, as Trustee")[1] is a national banking organization with its main office, as designated in its Articles of Association, in Los Angeles, California. Deutsche Bank as Trustee is, therefore, a citizen of California for purposes of determining diversity jurisdiction. *See* 28 U.S.C. §§ 1332 (c) & 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (stating that a national bank is a citizen of the State designated in its articles of association as its main office).

---

[1] PHH has not received any proof of service on DBNTC, as Trustee, and no return of service has been filed with the Rhode Island Superior Court.

9. Accordingly, Plaintiff and Defendants are citizens of different states for diversity purposes. The complete diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied in this case.

10. Second, the amount in controversy exceeds $75,000.00.

11. In Plaintiffs' Amended Complaint, Count I, Plaintiffs allege that the "amount claimed for damages is less than $20,000. (*See* Pls.' Amend. Compl., Ex. A. ¶ 59). In Count II, they seek judgment "for actual damages, and statutory damages of $1,000.00 for each violation of the RIFDCPA. (*Id.* ¶ 86(A)). Although, Plaintiffs allege that "the amount claimed for damages is less than $20,000, in calculating the amount in controversy, "[c]ourts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." *Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004); *see also Dept. of Recreation & Sports v. World Boxing*, 942 F.2d 84, 90 (1st Cir. 1991).

12. Where the right to enforce a mortgage loan is at issue, the original principal amount of the mortgage may constitute the amount in controversy for diversity jurisdiction purposes. *See Bedard v. Mortg. Elec. Registration Sys., Inc.*, No. 11-cv-117-JL, 2011 WL 1792738, at *2-3 (D.N.H. May 11, 2011). Moreover, "[i]n cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for the purposes of diversity jurisdiction." *Morse v. Residential Credit Solutions, Inc.*, 2012 WL 458492, at *1 (D. Mass. Feb. 13, 2012). In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Bedard,* 2011 WL 1792738, at *6 (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). "One (if not necessarily the only) way to take that measure is

1049861\310350006.v1

to assess 'the value of the right [the plaintiff] seeks to vindicate.'" *Id*. (quoting *Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n*, 942 F.2d 84, 89 (1st Cir. 1991).

13. Plaintiffs have filed a motion for temporary restraining order and preliminary injunction, seeking to enjoin Defendants' from foreclosing on the subject property and seeking an additional award of "actual damages and compensatory damages . . . against PHH for scheduling a foreclosure without complying the terms of the mortgage." (*See* Pls.' Mot. for Temp. Restraining Order and Preliminary Injunction ¶ 50). A copy of the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is attached as *Exhibit B*. The motion for temporary restraining order was granted on March 4, 2022.

14. Here, Plaintiff executed a mortgage secured by the Property in the amount of $164,800.00, which was secured by a promissory note. A copy of the Mortgage and Promissory Note are attached as exhibits to Plaintiff's Amended Complaint, *Exhibit A*. At the time the April 30, 2018 Notice of default was sent, the total debt owed on the mortgage was $103,751.22. A copy of the Notice of Default is attached as an exhibit to Plaintiff's Amended Complaint, *Exhibit A*. Therefore, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15. Based on the foregoing, this Court has jurisdiction over this action based upon diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### III. DEFENDANTS HAVE COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

16. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), as fewer than 30 days have elapsed since PHH was served with process. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure

stating the time within which the party served must appear and defend"). PHH received service of process of the initial complaint on March 11, 2022. DBNTC, as Trustee is a party to the case, but has not been served, and therefore, has not appeared.

17. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to the Plaintiffs and will be filed with the appropriate clerk, following filing of this Notice of Removal.

18. Within 14 days of filing this Notice of Removal, PHH will file with this Court certified copies of the docket sheet and all documents filed in the state court action, pursuant to Local Rule 81.

19. PHH reserves the right to amend or supplement this Notice of Removal and reserve all rights and defenses in this action, including those available under Fed. R. Civ. P. 12.

WHEREFORE, this action should be removed to the United States District Court for the District of Rhode Island.

Respectfully submitted,

PHH MORTGAGE CORPORATION

By: Their Attorney

/s/ *Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
401-751-0842
401-751-0072 (facsimile)
sbodurtha@hinshawlaw.com

Dated: March 23, 2022

1049861\310350006.v1

1049861\310350006.v1

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that on this 23rd day of March 2022,

☒I electronically filed and served this document through electronic filing system on the following parties:

John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI 02920
jbelaw75@gmail.com

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

                                                   */s/ Samuel C. Bodurtha*
                                                   Samuel C. Bodurtha

1049861\310350006.v1