UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RAYMOND BRADBURY,<br>HEATHER BRADBURY,<br><br>  Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION,<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY AS TRUSTEE FOR GSAMP<br>TRUST 2005-WMC1,<br><br>  Defendants. | CIVIL ACTION NO. 1:22-cv-00116-JJM-PAS |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO REMAND**

**INTRODUCTION**

The United States District Court for the District of Rhode Island has jurisdiction to hear this case because the Rhode Island Superior Court granted Plaintiffs, Raymond and Heather Bradbury ("Plaintiffs") request for injunctive relief and restrained a valid and enforceable foreclosure sale on property located at 61 Lafayette Street, West Warwick, Rhode Island (the "Property"). The Rhode Island Superior Court's February 22, 2022 Order, which Plaintiffs' counsel presented, enjoined and restrained the Defendants from conducting a foreclosure sale on the Property "on March 1, 2022 at any time at any other time until further Order of this Court." (Temporary Restraining Order, *Exhibit A*.) To date, no further order has issued, Plaintiffs have not withdrawn their request for injunctive relief, and the injunctive order remains in full force and effect until dissolved or modified by this Court.

**LEGAL ARGUMENT**

This Court has jurisdiction to hear and decide this lawsuit because the Rhode Island Superior Court's order enjoining foreclosure of the Property remains in full effect notwithstanding

removal and the value of the Property demonstrates the amount in controversy for purposes of diversity jurisdiction. The United States Code's procedure for removal of actions from a state court to a federal district court provides that "[a]ll injunctions, orders and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court. 28 U.S.C. § 1450. In *Granny Goose Foods v. Bhd. Of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 434 (1974), the Supreme Court reviewed a petitioner's claim that Section 1450 was intended to convert an *ex parte* state court restraining order into a federal court order of unlimited duration. The Court recognized that Section 1450 preserved the effectiveness of a state court order for injunctive relief in full force and effect, but at the same time the Court determined that once a case was removed federal law controlled requests for injunctive relief and *ex parte* restraining orders must have limits on duration. *Id.* at 435-40. Courts in this circuit have similarly approved the full force and effect of a state court order under Section 1450 once a case is removed to federal court. *Concordia Partners, LLC v. Pick*, 790 F.3d 277, 279 (1st Cir. 2015); *Arias v. City of Everett*, *Lockebridge, LLC v. RGMS Media, Inc.*, C.A. No. 11-12242, 2012 U.S. Dist. LEXIS 86504, at *35 (D. Mass. June 22, 2012).

In this case, the Rhode Island Superior Court issue an order on February 22, 2022 following a hearing on the Plaintiffs' Motion for Temporary Restraining Order. (TRO Order, *Exhibit A*.) The Order restrains and enjoins the Defendants from conducting a foreclosure sale on the Property. (*Id.*) The Order specifically includes the March 1, 2022 sale auction and extends to any other auction conducted until further order of the Superior Court. (*Id.*) Moreover, the docket for the Superior Court indicates that the Preliminary Injunction was "continued" as of March 4, 2022 by Superior Court Justice Brian Van Couyghen. (Superior Court Docket, *Exhibit B*.) Applying Section 1450 to the procedural posture of this case, the Superior Court's order remains in full force and

effect following Defendants' removal of this case. In addition, Plaintiffs' initial and original demand for injunctive relief continues to prohibit foreclosure on the Property.

The fair market value of property to be foreclosed is the acceptable measure of the amount in controversy for purposes of diversity jurisdiction in cases where plaintiffs seek equitable relief against foreclosure sales. *Morse v. Residential Credit Solutions, Inc.*, C.A. No. 1022-12275, 2012 U.S. Dist. LEXIS 17324 (D.R.I. 2012) (citing *Bedard v. Mortgage Electronic Registration Systems, Inc.*, No. 11-cv-117-JL, 2011 U.S. Dist. LEXIS 51800, at *2-3 (D.N.H. May 11, 2011). At present, the Town of West Warwick assesses the Property's value at $212,100. [https://data.nereval.com/PropertyDetail.aspx?town=West%20Warwick&accountnumber=10105&card=1](https://data.nereval.com/PropertyDetail.aspx?town=West%20Warwick&accountnumber=10105&card=1). (West Warwick Valuation, *Exhibit C*.) The Plaintiffs have already requested and received an order that enjoins and restrains foreclosure. Under federal law, that order remains in full force and effect despite Defendants' removal of the case to this Court. It necessarily follows that diversity jurisdiction exists so long as an order enjoining foreclosure of the Property remains in full force and effect.

## **CONCLUSION**

Based on the fact that Plaintiffs have received an order restraining and enjoining foreclosure of property worth more than $75,000, and the full force and effect of the state court injunctive order on removal of the case to this Court under federal law, the Court should deny Plaintiffs' Motion to Remand.

Respectfully submitted,

PHH MORTGAGE CORPORATION and
DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR GSAMP
TRUST 2005-WMCI

By: Its Attorneys

/s/ Samuel C. Bodurtha
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
401-751-0842
401-751-0072  (facsimile)
sbodurtha@hinshawlaw.com

Dated:   April 13, 2022

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 13, 2022.

/s/ Samuel C. Bodurtha
Samuel C. Bodurtha, Bar #7075

1049861\310506168.v1